COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


HERBERT LEWIS, SR.

v.         Record No. 2045-94-1         MEMORANDUM OPINION[*]
                                        BY JUDGE JOSEPH E. BAKER
COMMONWEALTH OF VIRGINIA                  FEBRUARY 6, 1996


                FROM THE CIRCUIT COURT OF ACCOMACK COUNTY
                        Glen A. Tyler, Judge

        Carl H. Bundick for appellant.

        Kathleen B. Martin, Assistant Attorney General
        (James S. Gilmore, III, Attorney General, on brief),
        for appellee.


     Herbert Lewis, Sr. (appellant) appeals from a judgment of

the Circuit Court of Accomack County (trial court) that approved

his jury convictions for two counts of rape and one count of

attempted rape.  He contends that the trial court erroneously

admitted evidence of his flight from officers and further erred

by refusing instructions he offered relating to "aggravated

sexual battery" and "sexual battery."  Finding no error, we

affirm the convictions.

     Upon familiar principles, we view the evidence in the light

most favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom.  Higginbotham v.

Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

Because the parties are well advised concerning the evidence, we

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

state only the facts necessary to an understanding of this opinion.

On April 8, 1993, appellant was arrested on three counts of rape alleged to have occurred on Chincoteague Island, following which he was released on bond requiring his appearance in district court on April 13, 1993.  On that date, appellant failed to appear.  Pursuant to a capias issued, members of the police attempted to stop appellant when they sighted him on a causeway, appearing to flee to the mainland.  Appellant failed to accede to police warnings and during the chase by the police, appellant drove his motor vehicle at speeds "in excess of eighty miles an hour," finally stopping only after he had run off the road.

At trial, the victim testified that after being permitted to enter her house, appellant, without her permission, pushed her to the floor, threatened her, and raped her three times between 10:30 p.m. and daybreak the next morning.  The victim denied having consensual sex with appellant.  A doctor testified that his examination of the victim's vaginal entrance showed trauma and disclosed sperm.  The trauma, the doctor said, resembled that seen in younger women who had been "gang raped."

Appellant's defense was that the victim had consented to have sexual intercourse but that he was unable to perform due to medical conditions from which he suffers.

Evidence that the accused fled to avoid arrest is admissible to show consciousness of guilt.  See Bowie v. Commonwealth, 184

Va. 381, 392, 35 S.E.2d 345, 350 (1945), and cases there cited. Here, the evidence of appellant's flight clearly shows his intention to elude the police and avoid arrest on the capias. Although the evidence incidentally disclosed that appellant may also have been guilty of another crime, it still may be shown to prove the consciousness of guilt. See Langhorne v. Commonwealth, 13 Va. App. 97, 102, 409 S.E.2d 476, 479 (1991). The purpose of the evidence concerning the manner in which appellant was driving was not to show he drove recklessly, but rather to show his intent to avoid trial on the rape charges.

At trial, appellant's defense was not only that he did not commit the rapes, but that he was incapable of committing those offenses. It is clear that appellant had to be convicted of rape, attempted rape, or set free, as no other offenses are shown by the record. For that reason, it was not error to refuse instructions that dealt with sexual battery as a lesser-included offense of the crime of rape. See Bennett v. Commonwealth, 236 Va. 448, 470-71, 374 S.E.2d 303, 319 (1988), cert. denied, 490 U.S. 1028 (1989); Frye v. Commonwealth, 231 Va. 370, 389, 345 S.E.2d 267, 281 (1986).

For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.